IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-00810-NYW-MDB

KELSI R. HIGDON,

    Plaintiff,

v.

FRANCY LAW FIRM, P.C.,

    Defendant.

## ORDER

This matter is before the Court on Defendant Francy Law Firm P.C.'s ("Defendant" or "Francy Law") Motion for Summary Judgment (or "Motion"). [Doc. 18, filed December 16, 2021]. After carefully considering the Parties' briefing, *see* [*id.*; Doc. 21; Doc. 22], and the applicable case law, this Court finds that oral argument will not materially assist in the disposition of the instant Motion and respectfully **DENIES** the Motion for Summary Judgment.[1]

## BACKGROUND

The following facts are undisputed unless otherwise noted. In 2016, Plaintiff Kelsi Higdon ("Plaintiff" or "Ms. Higdon") incurred a debt to Bellco Credit Union ("Bellco") due to an overdrawn checking account. [Doc. 18 at ¶ 3].[2] In July 2016, Bellco referred Plaintiff's account

---

[1] This civil action was previously assigned to the Honorable Philip A. Brimmer. *See* [Doc. 13]. On August 4, 2022, this action was reassigned to the undersigned upon her appointment as United States District Judge. [Doc. 29]. Because the instant Motion for Summary Judgment was fully briefed as of January 27, 2022, *see* [Doc. 21; Doc. 22], this Court applies Chief Judge Brimmer's Practice Standards in its consideration.

[2] The Court uses paragraph numbers when citing to Defendant's Undisputed Statement of Material Facts, *see* [Doc. 18 at 3–6], and uses page and paragraph numbers when referring to Plaintiff's

to Defendant Francy Law for collection. [*Id.* at ¶ 4].[3] On November 9, 2016, Defendant filed a lawsuit against Plaintiff in Adams County, Colorado on behalf of Bellco to collect on Plaintiff's debt. [*Id.* at ¶ 6]. The Parties executed a settlement agreement, which included a stay of execution on the debt, and Plaintiff agreed to judgment against her in the amount of $1,927.37 with 8.00% interest. [*Id.* at ¶¶ 7–8]. Plaintiff agreed to pay Defendant $50.00 per month until the amount due was paid, and Defendant agreed not to enforce the judgment as long as Plaintiff continued to pay as agreed. [*Id.* at ¶ 9]. Plaintiff complied initially, but eventually stopped. [*Id.* at ¶¶ 10–11]. On July 26, 2017, after Plaintiff stopped making payments, the state court lifted the stay and entered judgment against Plaintiff. [*Id.* at ¶ 12]. Defendant engaged in unspecified "post-judgment proceedings," but recovered no money. [*Id.* at ¶ 14].

In February 2021, Plaintiff contacted Defendant to discuss a settlement. Plaintiff offered $1,800.00 to settle the debt in full. [*Id.* at ¶ 15].[4] Defendant advised Plaintiff that it would accept Plaintiff's offer. [*Id.* at ¶ 16].[5] On March 15, 2021, Plaintiff informed Defendant that she would

---

Responses to Defendant's Statement of Undisputed Material Facts, *see* [Doc. 21 at 3–5]. For clarity, the Court will use only page numbers when referring to Plaintiff's Statement of Undisputed Material Facts, *see* [*id.* at 5].

[3] Defendant provides services to Bellco to collect debts that Bellco is owed, which services include litigation, resolution and settlement, and post-judgment execution. [Doc. 18 at ¶ 5].

[4] Plaintiff purports to dispute this fact and states that she "testified that she offered to pay $1,400.00." [Doc. 21 at 4, ¶ 15]. Although she testified that she offered $1,400.00, she does not dispute that she initially offered $1,800.00. Moreover, in reply, Defendant cites Plaintiff's Complaint, which states, "[a]fter contacting Bellco, Defendant notified Plaintiff that Bellco would accept her proposal of $1,800.00." [Doc. 22 at ¶ 15 (quoting [Doc. 1 at ¶ 15])]. Plaintiff's Complaint shows that there is no dispute that she initially offered $1,800.00. The Supreme Court has made clear that where, as here, "the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made *In reliance solely on the pleadings*, depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986) (citation omitted, emphasis added); *see also McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). This fact is therefore undisputed.

[5] Plaintiff states that she denies this fact, again citing her deposition testimony stating that she offered to pay $1,400.00. *See* [Doc. 21 at ¶ 16]. Defendant again cites to Plaintiff's Complaint in

not be able to pay $1,800.00, but would be able to settle for $1,400.00. [*Id.* at ¶ 17].[6] Defendant advised Plaintiff that it would accept $1,500.00 as settlement in full. [*Id.* at ¶ 18].[7] The balance on Plaintiff's debt was $2,546.66. [*Id.*].

On March 16, 2021, Plaintiff contacted Ms. Rice, whose contact information Plaintiff found on Google and with whom Plaintiff had no prior contact, in an attempt to resolve her debt. [*Id.* at ¶¶ 19–20].[8] Ms. Rice responded that she was not the ideal contact at Bellco, as Plaintiff's account had been referred to a law firm. [*Id.* at ¶ 22]. Plaintiff responded to Ms. Rice that she (Plaintiff) wanted to settle her debt for $1,400.00, and Ms. Rice replied, "[f]rom what I understand the request to settle the account at $1,400 has been approved," but indicated that Plaintiff should contact Defendant for additional information. [*Id.* at ¶ 23].[9] Later that day, Plaintiff called

---

reply. *See* [Doc. 22 at ¶ 16]. For the reasons discussed previously, this fact is undisputed. *See Celotex Corp.*, 477 U.S. at 322–24.

[6] Plaintiff disputes this fact, again citing her deposition testimony. *See* [Doc. 21 at ¶ 17]. In reply, Defendant cites to Plaintiff's Complaint, wherein she states that she "tried to gather as much money as she c[ould] in order to satisfy the subject debt but quickly realized that she would not be able to gather $1,800.00." [Doc. 22 at ¶ 17 (quoting [Doc. 1 at ¶ 16])]. This fact is therefore undisputed. *See Celotex Corp.*, 477 U.S. at 322–24.

[7] Plaintiff purports to dispute this fact and states that Susan Rice, a Vice President of Business Services at Bellco, testified that Bellco would settle for $1,400.00. [Doc. 21 at ¶ 18]. Plaintiff does not dispute, however, that Defendant stated that it would accept $1,500.00. This fact is therefore undisputed.

[8] Ms. Rice handles the small business and commercial lending team at Bellco; she does not handle consumer accounts, had no approval to settle Plaintiff's account debt, and is not Defendant's point of contact at Bellco. [*Id.* at ¶ 21]. Plaintiff indicates that she disputes this description of Ms. Rice; however, she only states "[d]isputed." [*Id.*]. Judge Brimmer's Practice Standards require that "[a]ny denial shall be accompanied by a brief factual explanation of the reason(s) for the denial and a specific reference to material in the record supporting the denial." Practice Standards (Civil case), Chief Judge Philip A. Brimmer, § III.F.3.b.iv. Failure to follow the practice standards "may cause the Court to deem certain facts as admitted." *Id.* at III.F.3.b.ix. Accordingly, the Court accepts this fact admitted. (As mentioned above, this case was previously assigned to Judge Brimmer. *See* [Doc. 13].)

[9] The Parties dispute the effect of these emails. Plaintiff states that the emails, along with Ms. Rice's testimony confirming her understanding that the $1,400.00 offer had been approved, indicate that Bellco agreed to settle for $1,400.00. [Doc. 21 at ¶ 1]. Defendants dispute that either

3

Defendant and was connected to Janet Cruze, a legal assistant. [*Id.* at ¶ 24]. Plaintiff told Ms. Cruze that she had communicated with Bellco and that Defendant had given Plaintiff incorrect information that Bellco would not accept Plaintiff's $1,400.00 offer. [*Id.* at ¶ 25]. Ms. Cruze responded that Defendant had been attempting to collect on Plaintiff's account for a long time, that there were pending costs that Bellco was unaware of, and that Ms. Cruze would have to contact Bellco. [*Id.*].[10] Plaintiff testified she felt that Ms. Cruze was lecturing her, which forms the basis of Plaintiff's claim that Ms. Cruze "mocked" and "belittled" her. [*Id.* at ¶ 26].[11]

That afternoon, Ms. Rice emailed Plaintiff and stated, in part, "[p]lease contact either Janet or Heather at [Defendant] to complete this transaction. At times, there are additional fees that are related to the settlement that Bellco doesn't handle, so we provide feedback to the law firm and then the individuals there complete the discussions with our members." [*Id.* at ¶ 28]. Plaintiff forwarded the chain of emails between Plaintiff and Ms. Rice to Ms. Cruze, who forwarded the chain to an analyst at Bellco, who instructed Ms. Cruze to accept Plaintiff's $1,400.00 offer. [*Id.*

---

Ms. Rice's emails or testimony "state that Bellco agreed to settle . . . for $1,400.00." [Doc. 22 at ¶ 1].

[10] Plaintiff purports to dispute this fact. [Doc. 21 at ¶ 25]. Plaintiff states, "Defendant refused to follow Bellco's settlement authority" and cites to the emails that she and Ms. Rice exchanged. [*Id.*]. Plaintiff, however, does not dispute what she told Ms. Cruze and what Ms. Cruze responded. This fact is therefore undisputed.

[11] Plaintiff states that Ms. Cruze's "lecturing is not the only basis for Plaintiff's claims that she was mocked and berated by Defendant." [Doc. 21 at ¶ 26]. In support, Plaintiff cites a portion of her deposition testimony. [*Id.*]. In that portion of Plaintiff's deposition, she was asked, "[o]kay, . . . so a part of your Complaint . . . states that Defendant was mocking and belittling . . . you. Is that . . . what you mean by the lecture that you were talking about?" [Doc. 21-3 at 33:2–7]. Plaintiff responded, "[y]es, ma'am." [*Id.* at 33:8]. Plaintiff was then asked, "[w]ere there any other instances . . . that you were mocked and belittled by Defendant?" [*Id.* at 33:9–10]. Plaintiff responded, "[n]o, just . . . being mocked and lied to." [*Id.* at 33:11–13]. Plaintiff's deposition testimony does not support her dispute that Ms. Cruze's alleged lecturing is not the basis of Plaintiff's claims that Defendant mocked and belittled her. The Court therefore deems this fact admitted. However, the Parties dispute what precisely Ms. Cruze said to Plaintiff. *See* [Doc. 18 at ¶ 27; Doc. 21 at 5, ¶ 27].

4

at ¶ 29].[12]  A paralegal from Defendant called Plaintiff the following day; however, Plaintiff hung up before any substantive conversation took place.  [*Id.* at ¶ 30].[13]  Defendant's statements regarding the amount that Bellco would settle for materially affected Plaintiff's decision to make payment.  [Doc. 21 at 5, ¶ 29].[14]

## LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986).  A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude

---

[12] Plaintiff states that she disputes this fact because "[t]he account notes do not reflect that Plaintiff e-mail [sic] Janet Cruze."  [Doc. 21 at 5, ¶ 29].  Plaintiff's dispute is unsupported.  First, there is no indication that the account notes, which are an exhibit to Ms. Cruze's declaration, are an exhaustive record of all communications between Plaintiff and Defendant.  Second, the account notes contain an entry stating, "Kelsi sent email thread from Susan Rice at Bellco."  [Doc. 18-2 at 9].  The Court deems this fact admitted.

[13] The Parties dispute the purpose of the call.  Defendant states that the call was to "confirm Bellco's agreement to accept $1,400.00."  [Doc. 18 at ¶ 30].  Plaintiff disputes that there is any "evidence in the account notes that Defendant called Plaintiff to accept $1,400.00."  [Doc. 21 at 5, ¶ 30].  Neither Ms. Cruze's affidavit, which Defendant cites in support of this fact, nor the call notes, which Ms. Cruze's affidavit cites, indicate the purpose of the call.

[14] Defendant states that this fact is unsupported and characterizes plaintiff's testimony, which she relies on to support this fact, as "her own conclusory opinion."  [Doc. 22 at 4, ¶ 4].  "[A]rguments regarding the lack of corroboration and the 'self-serving' nature of the testimony go to the testimony's weight, but do not undermine it sufficiently to preclude a jury from believing plaintiff."  *Sirovatka v. Budget Control Servs., Inc.*, No. 10-cv-03028-PAB-CBS, 2012 WL 602658, at *3 (D. Colo. Feb. 24, 2012) (citing *Berry v. Chi. Transit Auth.,* 618 F.3d 688, 691 (7th Cir. 2010) ("[W]e long ago buried – or at least tried to bury – the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.'  If based on personal knowledge or firsthand experience, such testimony can be evidence of disputed material facts.  It is not for courts at summary judgment to weigh evidence or determine the credibility of such testimony; we leave those tasks to factfinders.").

5

summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## ANALYSIS

Plaintiff brings one claim for relief, for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (the "FDCPA"). *See* [Doc. 1 at 4–6]. Within this claim, Plaintiff asserts three subclaims under §§ 1692d, 1692e, and 1692f of the FDCPA. [*Id.*]. Defendant seeks summary judgment on each of these subclaims.

**I.      Violation of § 1692d**

Plaintiff alleges that Defendant violated §§ 1692d and 1692d(2) of the FDCPA. [Doc. 1 at ¶¶ 32–33]. Section 1692d provides that "[a] debt collector may not engage in any conduct the

natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Section 1692d(2) states that it is a violation of § 1692d for a debt collector to use "obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." *Id.* at § 1692d(2).

In analyzing FDCPA claims, debt collectors' communications are generally viewed from the perspective of how the least sophisticated consumer would interpret the communication.  *See Molkandow v. Maury Cobb Att'y at L., LLC*, No. 18-cv-0891-WJM-STV, 2019 WL 549440, at *2 (D. Colo. Feb. 12, 2019) (collecting cases and noting that the least sophisticated consumer can be "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care") (quoting *Ferree v. Marianos*, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997)); *Irvine v. I.C. Sys., Inc.*, 176 F. Supp. 3d 1054, 1060 (D. Colo. 2016) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)), *reconsideration denied*, 198 F. Supp. 3d 1232 (D. Colo. 2016).  "The hypothetical consumer, however, 'can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.'" *Ferree*, 1997 WL 687693, at *1 (quoting *Clomon*, 988 F.2d at 1319); *see also Perez v. Budget Control Servs., Inc.*, No. 16-cv-00767-PAB-CBS, 2017 WL 1230472, at *2 (D. Colo. Mar. 3, 2017).

Plaintiff alleges that Defendant violated §§ 1692d and 1692d(2) "when it used harassing debt collection methods to collect upon the subject debt," including "unprofessional conduct of berating and belittling Plaintiff when she confronted Defendant about its false statement that Bellco did not accept her $1,400.00 offer."  [Doc. 1 at ¶ 33].  Plaintiff also states that Defendant "ridiculed and needlessly harassed" her.  [*Id.*].

Defendant argues that Ms. Cruze never mocked, belittled, or harassed Plaintiff, or used

7

obscene or profane language. [Doc. 18 at 11]. Rather, Defendant argues, Ms. Cruze "conducted herself professionally and courteously," and Defendant asserts that there is no record evidence to the contrary. [*Id.*]. Defendant, however, ignores Plaintiff's deposition testimony, where Plaintiff stated that Ms. Cruze mocked and belittled her. *See* [Doc. 21-3 at 33:2–13]. More specifically, Plaintiff testified that Ms. Rice did not give her an answer as to where the hundred-dollar difference between $1,400 and $1,500 was going and "lectured [her] about [Francy Law] trying to collect this balance for a long time." [Doc. 21-3 at 31:13–21].

In another FDCPA case in this District on summary judgment, the defendant argued, without corroborating phone records or specific evidence, that the plaintiff's self-serving testimony could not create a genuine issue of material fact. *See Sirovatka v. Budget Control Servs., Inc.*, No. 10-cv-03028-PAB-CBS, 2012 WL 602658, at *3 (D. Colo. Feb. 24, 2012). The Court explained that the defendant did not "persuasively explain why, in light of the nature of this particular factual issue, the testimony of plaintiff regarding the substance of a two-person conversation in which he participated is insufficient." *Id.* The Court noted that, at summary judgment, the Court may not "weigh evidence or determine the credibility of such testimony." *Id.* (quoting *Berry*, 618 F.3d at 691). As in *Sirovatka*, where the Court found that "[h]owever self-serving and uncorroborated [plaintiff's] testimony may be, it is perfectly good evidence' that plaintiff asked defendant not to call him again at work and that, despite so asking, defendant did call plaintiff at work," *id.* (changes in original) (quoting *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 636 (7th Cir. 2011)), the Court finds Plaintiff's self-serving, uncorroborated testimony here may be sufficient evidence that Ms. Cruze mocked and belittled Plaintiff.

Defendant argues that lecturing Plaintiff does not amount to conduct that would have, as a "natural consequence . . . to harass, oppress, or abuse" Plaintiff under § 1692d. [Doc. 18 at 10–

8

11]. The Court notes that contrary to the circumstances in *Sirovatka*, Ms. Higdon's deposition testimony is not factually precise about the statements made to her. But viewing the evidence in the light most favorable to Plaintiff as the non-moving party, the Court concludes that a reasonable jury could find Defendant's conduct violated §§ 1692d and 1692d(2). Based on the record before it, the Court cannot determine, as a matter of law, that Defendant is correct or that whatever Ms. Cruze said to Plaintiff would not have a natural consequence of harassment, oppression, or abuse. Courts have held that the question of "[w]hether conduct is annoying, abusive, or harassing generally is a fact question for the jury." *Marshall v. CBE Grp., Inc.*, 2018 WL 1567852, at *8 (D. Nev. Mar. 30, 2018); *see also Maddox v. CBE Grp., Inc.*, 2018 WL 2327037, at *5 (N.D. Ga. May 22, 2018) (same); *Lipscomb v. Aargon Agency, Inc.*, 2014 WL 5782040, at *3 (D. Md. Nov. 5, 2014); *Turner v. Professional Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 578 (D.N.J. 2013) (same); *Green v. Creditor Iustus Remedium, LLP*, 2013 WL 6000967, at *3 (E.D. Cal. Nov. 12, 2013) (same); *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 810 (N.D. Ill. 2010) (same). Accordingly, the Court will deny this portion of Defendant's motion for summary judgment.

**II.     Violation of 15 U.S.C. § 1692e**

Plaintiff alleges that Defendant violated § 1692e, *see* [Doc. 1 at ¶¶ 34–37], which prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff cites two statutory examples of conduct that violates this section, §§ 1692e(2)(A) and (10). *See* [Doc. 1 at ¶ 35]. These subsections prohibit

> (2) The false representation of –
>
>     (A) the character, amount, or legal status of any debt; or
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

9

15 U.S.C. § 1692e.  Specifically, Plaintiff alleges that it was a false representation for Defendant to state that Bellco would not accept $1,400.00, but would accept $1,500.00, and also that, by saying Bellco would only accept $1,500.00, Defendant falsely represented the amount of Plaintiff's debt.  [Doc. 1 at ¶ 36].

Defendant argues that it is entitled to summary judgment because it made no misrepresentation in the amount of Plaintiff's debt to Bellco.  [Doc. 18 at 13–14].  Plaintiff argues that Defendant's statement that Bellco would not accept $1,400.00, but would accept $1,500.00, was a "false representation as to the amount of the subject debt."  [Doc. 21 at 13–14].  Plaintiff is mistaken.  A representation about what Bellco or Defendant would accept to *settle* the claim is not the same as a representation about the underlying *value* of the debt.  The undisputed facts indicate that the stipulation from November 21, 2016 reflected an amount due of $1,927.37.  *See* [Doc. 18 at ¶ 8].  By March 16, 2021, the balance was $2,546.66.  [*Id.* at ¶ 18].  Plaintiff provides no facts – disputed or undisputed – regarding any representation or misrepresentation that Defendant made regarding the value or amount of the debt.

Defendant further argues that it did not make any false representation regarding the amount that Bellco would accept to settle Plaintiff's debt.  [*Id.* at 14].  Plaintiff disagrees, arguing that it was a false representation for Defendant to state that Bellco would not accept $1,400.00, but would accept $1,500.00, because, as Ms. Rice informed Plaintiff, Bellco already approved the $1,400.00 offer.  [Doc. 21 at 12–14].

A misrepresentation must be material in order for it to violate the FDCPA.  *See Hudspeth v. Cap. Mgmt. Servs., L.P.*, No. 11-cv-03148-PAB-MEH, 2013 WL 674019, at *4 (D. Colo. Feb. 25, 2013) (collecting cases).  This is an objective test.  *See id.* at *9.  There is a dispute within the circuits, however, whether materiality is a question of fact for the jury or law for the court.  *See*

10

*D'Avanzo v. Glob. Credit & Collection Corp.*, No. 10-cv-01572-RPM-CBS, 2011 WL 2297697, at *4 (D. Colo. Apr. 18, 2011) (noting dispute and concluding materiality is an issue of fact), *report and recommendation adopted*, 2011 WL 2292190 (D. Colo. June 9, 2011); *see also Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1222 (D. Kan. 2014) (collecting cases, noting circuit split). Courts in this District have previously considered materiality a fact question. *See, e.g.*, *Hudspeth*, 2013 WL 674019, at *9 (dismissing claim on summary judgment because plaintiff failed to raise a factual dispute regarding materiality).

Defendant highlights Ms. Rice's clarification that she was not the best person to talk to about Plaintiff's balance and that there may be additional fees that she was unaware of, as well as Ms. Cruze's representation that there were additional pending costs that Bellco was not privy to. *See* [Doc. 18 at 14–15]. Defendant argues that the least sophisticated consumer would understand that Ms. Rice "was not in a position to assist Plaintiff." [*Id.* at 15]. Although it is not clear from Defendant's Motion, Defendant presumably means that Ms. Rice's statement would not be material to even the least sophisticated consumer, or that the least sophisticated consumer would understand that the $1,400.00 figure that Ms. Rice said was approved was not necessarily accurate, in light of her and Ms. Cruze's statements that there could be additional fees not reflected in that figure.

The Court cannot make this determination on summary judgment. Materiality and the question of whether a particular communication is false or misleading are generally matters for the jury to decide. *See, e.g.*, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016). Defendant has not shown that no reasonable jury could find that Defendant's representation that Bellco would not accept $1,400.00, but would accept $1,500.00, was false or misleading or would be material to the least sophisticated consumer, in light of the statement of Ms. Rice, a

11

senior Bellco employee, that the offer had been accepted. Because a jury could find that the least sophisticated consumer would understand Ms. Rice's email to mean that the $1,400.00 offer was all Plaintiff owed, the Court will deny Defendant's Motion on this issue.[15]

### III. Violation of 15 U.S.C. § 1692f

Under § 1692f, debt collectors are prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Plaintiff alleges that Defendant violated § 1692f by "unfairly or unconscionably" attempting to collect more than it was authorized to collect by Bellco. [Doc. 1 at ¶ 39]. In particular, Plaintiff claims that it was a violation of § 1692f for Defendant to "unfairly suggest[]" that Plaintiff owed $1,500.00 even though Bellco agreed to accept $1,400.00 and to belittle Plaintiff on the phone, which Plaintiff says was an attempt to scare her into paying more than she owed. [*Id.* at ¶¶ 39–40].

Defendant argues that it is entitled to summary judgment for the reasons discussed with respect to Plaintiff's other claims. *See* [Doc. 18 at 17 ("[B]ecause Plaintiff's § 1692f claim is based upon the same conduct she alleges violates other sections of the FDCPA, her § 1692f claim should be dismissed.")]. Defendant reiterates its position that there is no evidence that it belittled or mocked Plaintiff and that even the least sophisticated consumer would understand that Ms. Rice "was not in a position to assist Plaintiff." [*Id.* at 16–17]. The Court already found material factual disputes on these issues, which preclude summary judgment.

Defendant also states that it acted within its "authorized settlement parameters" and did not

---

[15] Defendant also argues that it has discretion to negotiate within a range of settlement authority that its clients give it. [Doc. 18 at 14]. Plaintiff does not dispute this. *See* [Doc. 21 at 13–14]. Plaintiff also does not argue that Defendant was required to divulge its settlement limits. Rather, Plaintiff's argument is that, because Bellco had approved Plaintiff's $1,400.00 offer, it was false or misleading for Defendant to state that Bellco would not accept $1,400.00 but would accept $1,500.00. [*Id.* at 14]. As the Court has explained, that is a question for the jury.

12

attempt to collect more than it was authorized. [*Id.* at 17]. Defendant provides no facts or argument in support of these statements, and the Court does not consider them. *See United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation."). The Court, therefore, will deny the portion of Defendant's Motion concerning Plaintiff's § 1692f subclaim.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Defendant's Motion for Summary Judgment [Doc. 18] is **DENIED**;

(2) A Final Pretrial Conference is **SET** before Judge Nina Y. Wang on **November 8, 2022 at 10:00 a.m.**, in Courtroom A-502; and

(3) The Parties shall file a Proposed Final Pretrial Order on or before **November 1, 2022**.

DATED: October 5, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge